**Jose De Jesus REYES–RIVAS; Leticia Reyes–Gonzalez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71025.
Agency Nos. A75–608–525, A75–608–526.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.\*

Decided March 9, 2004.

Fed. R.App. P. 34(a)(2).

118

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ernesto H, Molina, Jr., Russell J.E. Verby, U.S. Department of Justice, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM**

Jose de Jesus Reyes–Rivas ("Mr. Reyes") and his wife Leticia Reyes–Gonzalez ("Ms.Reyes"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA's") affirmance without opinion of the Immigration

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Judge's ("IJ's") denial of their application for cancellation of removal.

Petitioners are subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), which states that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." Because Petitioners are non-permanent residents, they must meet the eligibility requirements for cancellation of removal set forth in 8 U.S.C. § 1229b(b)(1). This statutory provision permits an IJ to cancel removal if an alien (1) has resided in the United States continuously for at least 10 years; (2) is of good moral character during that ten-year period; (3) has not been convicted of certain enumerated criminal offenses; and (4) can establish that removal would result in "exceptional and extremely unusual hardship" to the alien's spouse, parent, or child who is a U.S. citizen or a legal permanent resident. 8 U.S.C. § 1229b(b)(1). The IJ held that both Petitioners did not meet the fourth requirement, and that Mr. Reyes did not demonstrate good character sufficient to satisfy the second requirement.

■ Petitioners advance three arguments. They contend (1) that the BIA's issuance of a summary affirmance without opinion violated their right to due process; (2) that the IJ erred in finding that Petitioners had not shown that their two children, who are U.S. citizens, would suffer exceptional and extremely unusual hardship on account of their parents' removal; and (3) that the IJ erred in determining that Mr. Reyes is barred from relief because of Mr. Reyes's admission in testimony before the IJ that Mr. Reyes had paid $300 to an alien smuggler to procure his wife's illegal entry into the United States.[1]

The BIA summarily affirmed the IJ's order denying Petitioners' application for cancellation of removal, so we review the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(a)(7)(iii).

We address Petitioners' three contentions in turn.

■ First, our decision in *Falcon Carriche*, 335 F.3d 1009, 1013 (9th Cir.2003) (*as amended by* 350 F.3d 845), which upheld the constitutionality of the BIA's streamlining procedure, forecloses Petitioners' argument that the BIA's issuance of a one-judge affirmance without opinion violates due process.

■ Second, we lack jurisdiction to review the IJ's discretionary determination that Petitioners did not meet the requisite showing of exceptional and extremely unusual hardship under 8 U.S.C. § 1229b(b)(1). 8 U.S.C. § 1252(a)(2)(B)(i) ("Denials of discretionary relief. Notwithstanding any other provision of law, no court shall have jurisdiction to review— any judgment regarding the granting of relief under ... section ... 1229b[.] "); *Romero–Torres v. Ashcroft*, 327 F.3d 887,

---

1. Mr. Reyes separately asks us to order the government to prepare a certified administrative record of his application for legalization under 8 U.S.C. § 1160, which was denied over ten years ago in a separate proceeding. However, Mr. Reyes did not give notice to the government that he was appealing the denial of his application for legalization. Mr. Reyes's petition to us "seeks review ... of an order of the Board of Immigration Appeals dated April 8, 2002," but it appears from the addendum to Mr. Reyes's Reply Brief that the Immigration and Naturalization Service ("the Service") had denied his legalization application in a separate process over a decade earlier on February 3, 1992. That separate proceeding is not before us on the petition for review of the application for cancellation of removal, so we decline to order the government to prepare a certified administrative record of the denial of Mr. Reyes's legalization application.

888 (9th Cir.2003) (holding that the " 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction").

■ Third, substantial evidence supports the IJ's finding that Mr. Reyes is statutorily precluded from showing good moral character in light of his admission in the hearing before the IJ that he paid a smuggler to bring his wife into the United States illegally in December 1989. This unlawful action violated 8 U.S.C. § 1182(a)(6)(E)(i), and expressly bars a finding of good moral character under 8 U.S.C. § 1101(f)(3).[2] We have held that "[a]n alien is not considered to be of good moral character if ... he 'knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States' ... in violation of an alien smuggler provision." *Khourassany v. INS*, 208 F.3d 1096 (9th Cir.2000) (holding that an applicant who admitted to paying a smuggler to bring his wife and child into the United States illegally was statutorily ineligible for a good moral character finding) (citing 8 U.S.C. § 1101(f)(3) and quoting 8 U.S.C. § 1182(a)(6)(E)(i)).

Mr. Reyes contends that because he aided and abetted an alien smuggler in 1989, which was more than ten years before his filing of an application for cancellation of removal, he is not statutorily barred from the requested relief. This argument lacks merit. An alien in Mr. Reyes's position bears the burden of proving good moral character for the ten-year period mentioned in 8 U.S.C. § 1229b(b)(1), which ends when the alien is served with a Notice to Appear. 8 U.S.C. § 1229b(d)(1).[3] Mr. Reyes was served with the Notice to Appear on November 25, 1998. Consequently, he was required to demonstrate that he had continually resided within the United States and had been a person of good moral character from November 25, 1988 through November 25, 1998. Ms. Reyes illegally entered the United States in December 1989 with the aid of an alien smuggler hired by Mr. Reyes for compensation. That illegal conduct took place within the requisite ten-year period, barring Mr. Reyes from obtaining the relief of cancellation of removal.

The petition is hereby DENIED in part, DISMISSED in part.

---

2. 8 U.S.C. § 1101(f)(3) states, in relevant part,

No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was -

...

a member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D), (6)(E), and (9)(A) of section 212(a) of this Act [8 U.S.C. § 1182(a)]; ... if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period[.]

3. 8 U.S.C. 1229b(d)(1) states, in relevant part,

For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end ... when the alien is served a notice to appear under section 1229(a) of this title[.]